### WILLIAMSBURGH TRUST CO. v. GOTTSCH.

(Supreme Court, Special Term, Kings County. September, 1909.)

1. JUDICIAL SALES (§ 27*)—VALIDITY OF TITLE.

A purchaser at a judicial sale will be compelled to take title to the premises covered by an unsatisfied mortgage of record due more than 20 years before sale, in the absence of proof of any payment of principal or interest within that time.

[Ed. Note.—For other cases, see Judicial Sales, Cent. Dig. §§ 98, 99; Dec. Dig. § 27.*]

2. JUDICIAL SALES (§ 27*)—VALIDITY OF TITLE.

A purchaser at a judicial sale of premises covered by an unsatisfied mortgage of record dated more than 20 years before sale and payable on demand has the burden of rebutting the presumption of any payment of principal or interest within the 20 years and thus avoiding his purchase.

[Ed. Note.—For other cases, see Judicial Sales, Cent. Dig. §§ 98, 99; Dec. Dig. § 27.*]

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Action by the Williamsburgh Trust Company against one Gottsch. Heard on motion to compel purchaser at judicial sale to complete purchase. Motion granted.

Dykman, Oeland & Kuhn, for the motion.

L. H. Hurst, opposed.

ASPINALL, J. It is now well-settled law in this state that a purchaser at a judicial sale will be compelled to take title, notwithstanding the fact that the premises are covered by a mortgage unsatisfied of record, providing the mortgage was due more than 20 years before the date of the sale and no proof exists of any payment of principal or interest within that time. The mortgage in question bears date April 3, 1877, and was made payable on demand, which would bring it within the time limit. More than 20 years having elapsed, the presumption of payment becomes conclusive, in the absence of any proof of payment, and the burden is on the purchasers to rebut this presumption. This they have failed to do. I therefore find that the title is a marketable one, and the purchasers should be required to complete their purchase. See Ouvrier v. Mahon, 117 App. Div. 749, 102 N. Y. Supp. 981, and cases there cited.

Motion granted, with costs.